UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14015-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN DAYANA BERMUDEZ-TORRES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change her plea in this criminal case on July 26, 2023.

2. I advised the Defendant of her right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that she did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 67. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that she signed the Plea Agreement. The Defendant pleaded guilty to Count 1 of the Indictment which charges her with conspiracy to distribute a controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. She also pleaded guilty to Counts 4, 5, and 7 of the Indictment, which charge her with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. DE 3.

5. The United States agreed to seek dismissal of Counts 2 and 6 of the Indictment, as to this defendant, after sentencing.

6. I reviewed with the Defendant the maximum penalties applicable to Counts 1, 4, 5, and 7. The Defendant acknowledged that she understood the maximum penalties that could be imposed in her case.

7. The Plea Agreement contains provisions regarding the Defendant's agreement to cooperate with the United States. I reviewed the provisions with the Defendant. The Defendant acknowledged her understanding that the United States is not required to file any motions based on the Defendant's cooperation and the determination of whether to do so is within the sole and unreviewable discretion of the United States Attorney's Office. The Defendant also acknowledged her understanding that the District Court is under no obligation to grant any motions filed by the Government in this regard or to reduce the Defendant's sentence because of the Defendant's cooperation.

8. The Plea Agreement contains an appeal waiver. I reviewed the appeal waiver provision with the Defendant. The Defendant acknowledged that she understood she was waiving her right to appeal the sentence imposed unless it exceeds the maximum permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline rage established at sentencing. Based on the colloquy, I find that the Defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

9. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. The Factual Proffer was read into the record and is filed in this case. DE 68. The Defendant acknowledged that she signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with her attorney. The Defendant agreed that the Factual Proffer accurately sets forth the facts in her case as she understands them to be. I find that the Factual Proffer sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

10. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters her plea of guilty to Counts 1, 4, 5, and 7 freely and voluntarily. I accept her guilty plea and recommend to the District Court that it adjudicate her guilty of Counts 1, 4, 5, and 7 as charged in the Indictment.

11. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty to Counts 1, 4, 5, and 7 of the Indictment be accepted; that the Defendant be adjudicated guilty of the offenses to which she pleads guilty; that the Court enter a specific finding that the

Defendant's waiver of her right to appeal was knowing and voluntary; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 27th day of July, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE